IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TOMMY TIPLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-4014-CV-C-NKL |
| | ) |
| TERRY MOORE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Tommy Lee Tipler, acting pro se, sued Defendants Terry Moore, Chester White, Larry Crawford, Vicki Myers, Omar Clark and the Missouri Department of Corrections for discrimination and retaliation in violation of Title VII. Defendants move for summary judgment, which the Court now grants.

**I.     Facts**

Although Tipler is proceeding pro se, he is still required to comply with the federal rules of civil procedure, as well as this Court's local rules. *See Gieselman v. City of Desoto*, No. 07-1510, 2008 WL 163593, at *1 (E.D. Mo. Jan. 17, 2008) ("Plaintiff's pro se status cannot provide a shield for his gross failure to comply with the Federal Rules of Civil Procedure and this Court's previous order."); *United States v. Pospisil*, 127 F. Supp. 2d 1059, 1062 (W.D. Mo. 2000) ("[P]*ro se* status is no excuse for failure to comply with the federal rules or court orders." (citing *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852,

1

856-57 (8th Cir. 1996))). To the extent Tipler fails to respond to Defendants' statement of facts, the Court will deem those facts admitted under Local Rule 56.1. Further, Tipler improperly responded to many of Defendants' facts with legal conclusions. *Cf. Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation."). Still, because Tipler is proceeding pro se, the Court will attempt to construe–where appropriate–his response as properly responding to Defendants' factual statement.

From August 2001 to August 2006, Tipler, an African-American, was a correctional officer with the Missouri Department of Corrections (the "Department"). On December 9, 2005, Tipler was charged with Assault on a Law Enforcement Officer (Class C felony), Resisting Arrest (Class D felony), Domestic Assault (Class A misdemeanor) and Property Damage (Class B misdemeanor). Because of this, on January 12, 2006, Tipler was suspended without pay by the Department pending the outcome of his case. On July 24, 2006, Tipler pled guilty to resisting arrest, a misdemeanor. He was sentenced to 14 days in county jail.

On July 31, 2006, Tipler was sent a dismissal letter, informing him he was being terminated due to his recent guilty plea and jail sentence. The letter also informed Tipler that he had violated several Department policies, which required Tipler, as a Department employee, to maintain professionalism at all time, comply with the law at all times, and "represent to the public the highest moral, ethical, and professional standards." Defendants state that these high expectations of conduct are necessary to enforce the safety and security

2

of the corrections institution. Additionally, it is important for corrections officers to act appropriately at all times in order to maintain a certain level of respect from the offenders, as well as their fellow officers and the public. Defendant Moore stated in an affidavit that Tipler's conviction for resisting arrest was incompatible with what the Department requires of its offenders, as well as incompatible with the objectives and goals of the Department.

## II. Discussion

### A. Standard

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party and the nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir. 1991) (citation omitted).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing there

3

is a genuine issue for trial. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citing *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361 (8th Cir. 1983)).

### B. Individual and Official Capacity

Although it is difficult to discern from the face of his complaint, Tipler's response indicates he is suing Defendants Moore, White, Crawford, Myers, and Clark in their individual and official capacities. To the extent Tipler's claims are brought against Defendants in their individual capacities, the complaint is dismissed. *See Abney v. Missouri*, No. 05-4279, 2006 WL 2708673, at *2 (W.D. Mo. Sept. 20, 2006) ("Title VII actions may not be maintained against defendants in their individual capacity." (citing *Coller v. State of Mo., Dep't of Econ. Dev.*, 965 F. Supp. 1270, 1274-75 (W.D. Mo. 1997))); *see also Roark v. City of Hazen, Ark.*, 189 F.3d 758, 761 (8th Cir. 1999) ("The district court also properly dismissed Roark's claim against Orlicek in his individual capacity because a supervisor may not be held liable under Title VII."). Because Defendants Moore, Crawford, Myers and Clark are (or were) Department employees, any claim against them in their official capacity must also be dismissed. *See Coller*, 965 F. Supp. at 1275 ("This is duplicative because a suit against a supervisor in his or her official capacity is treated as a suit against the employer itself."); *see also Henderson v. St. Louis County*, No. 05-2081, 2006 WL 3538799, at *1 (E.D. Mo. Dec. 7, 2006) (stating its agreement with the *Coller* court "that because a suit against a supervisor in his or her official capacity as an agent of the employer is treated as

4

a suit against the employer itself, claims against both parties are duplicative"). Defendant White is employed by the Office of Administration, which never employed Tipler; therefore, the claim against White is dismissed. *See Fields v. Shelter Mut. Ins. Co.*, 520 F.3d 859, 2008 WL 763017, at *3 (8th Cir. 2008) (stating prima facie elements of discrimination); *see also* 42 U.S.C. § 2000e-2(a)(1) (stating unlawful employment practices by employer).

**C.     Claims Against the Department**

*1.     Discrimination.*

Tipler's only remaining claims are against the Department. Under Eighth Circuit law:

In race discrimination cases, a plaintiff may survive a defendant's motion for summary judgment in one of two ways. The plaintiff may present admissible evidence directly indicating unlawful discrimination, that is, evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action. Alternatively, if the plaintiff lacks such evidence of discrimination, [he] may survive the defendant's motion for summary judgment by creating an inference of unlawful discrimination under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

*Id*. (citations omitted). Tipler has not presented any direct evidence of discrimination, only circumstantial evidence; thus, the Court applies the *McDonnell Douglas* burden-shifting analysis. *See Carraher v. Target Corp.*, 503 F.3d 714, 716 (8th Cir. 2007).

Tipler bears the burden of establishing a prima facie case of discrimination. *See McGinnis v. Union Pac. R.R.*, 496 F.3d 868, 873 (8th Cir. 2007). Under the *McDonnell Douglas* framework, a plaintiff must show: (1) that he is a member of a protected class; (2) that he was meeting his employer's legitimate job expectations; (3) that he suffered an

5

adverse employment action; and (4) that similarly situated employees outside the protected class were treated differently. *See Fields*, 2008 WL 763017, at *3. Once a plaintiff establishes a prima facie case, the defendant must articulate a legitimate non-discriminatory reason for the plaintiff's termination. *See Carraher*, 503 F.3d at 717. If the defendant articulates such a reason, a plaintiff may still avoid summary judgment if "the evidence creates (1) a fact issue as to whether [defendant's] proffered reason is pretextual and (2) a reasonable inference that [race] was a determinative factor in his termination." *Id.*

Tipler fails to meet his prima facie burden. Specifically, he cannot show that similarly situated employees outside the protected class were treated differently. In determining this fourth element, the standard is whether the employees were "'involved in or accused of the same or similar conduct and were disciplined in different ways.'" *Harris v. Chand*, 506 F.3d 1135, 1140 (8th Cir. 2007) (quoting *Turner v. Gonzales*, 421 F.3d 688, 695 (8th Cir. 2005)). "However, '[t]o be able to introduce evidence comparing the plaintiff to other similarly situated employees in a discrimination case, the other employees must have been "similarly situated to the plaintiff in all relevant aspects."'" *Id.* (quoting *Kight v. Auto Zone, Inc.*, 494 F.3d 727, 734 (8th Cir. 2007)). Tipler cannot show that the other employees were similarly situated to him in all relevant aspects.

Tipler points to several white individuals who he believes were similarly situated to him but were treated differently. First, Kevin Sletten was arrested on a municipal stealing charge, but the Department thought it could not suspend him for only a municipal charge. After Sletten pled guilty, though, the Department dismissed him. Next, Bradley Gibson was

6

arrested on several misdemeanor charges, including driving while intoxicated and operating a motor vehicle in a careless manner. The Department did not suspend him because, unlike Tipler, he was arrested on only misdemeanor charges and was already on medical leave. Gibson resigned before the Department decided whether to terminate him. Additionally, Kevin Wingate was only charged with a misdemeanor, and that charge was eventually dropped.[1] Finally, Tipler argues that Michael Buxton was treated differently even though he was arrested on two felony charges. However, unlike Tipler, Buxton did not receive jail time. More importantly, Buxton is African-American, making him part of the same protected class as Tipler. Thus, Buxton does not satisfy Tipler's fourth prima facie element.[2] He fails to show that these employees are similarly situated to him in *all* relevant aspects.

Even if Tipler were able to establish his prima facie case, though, the Department has articulated a legitimate, non-discriminatory reason for his termination: He was arrested for

---

[1]In his response, Tipler cites only the cases of Sletten, Gibson, Wingate, and Michael Buxton as evidence of being treated differently than similarly situated employees. Earlier in the litigation, though, Tipler appears to have named several other people he found on Case.net, Missouri's online case-tracking system. Defendants claim Tipler does not personally know these people or whether they actually work for the Department. Further, Defendants argue Tipler has not attempted to verify the people found on Case.net are the same people whose names he got off a roster sheet. Because Tipler does not dispute Defendants' arguments in his response and also because he has not laid a proper foundation as to whether these facts would be admissible at trial, the Court will not consider this evidence. *See Vaughn v. Wallace*, 496 F.3d 908, 911 (8th Cir. 2007) ("In determining whether the non-movant created a material question of fact, we consider only evidence that would be admissible at trial.").

[2]Tipler argues that Buxton is of "mixed" race. However, Defendants have produced Buxton's personnel file, in which Buxton indicated he is black. Because Tipler has not produced any evidence to the contrary, the Court accepts as true Defendants' claim that Buxton is African-American.

7

several felonies and misdemeanors, convicted of a misdemeanor, and sentenced to 14-days in jail, all in violation of the Department's policy. "If the employer rebuts the inference of discrimination arising from the employee's prima facie case, the employee can prove the employer's articulated justification is merely pretextual 'either by directly persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Fitzgerald v. Action, Inc.*, __ F.3d __, 2008 WL 899888, at *3 (8th Cir. 2008) (quoting *Gavalik v. Cont'l Can Co.*, 812 F.2d 834, 853 (3d Cir. 1987)). Tipler has not shown that the Department's reason is pretextual.[3] It is a legitimate policy of the Department that corrections officers uphold the law, both on the job and in their personal life. Here, Tipler clearly violated those policies. The Department has never wavered on its proffered explanation. The Court finds that it is unlikely that a discriminatory reason motivated the Department and also finds that the Department's explanation is credible.

Summary judgment is granted to Defendants on Tipler's Title VII discrimination claim.

### 2. Retaliation.

Next, Tipler brings a claim for retaliation. He has no direct evidence. "A prima facie case of retaliation requires showing that: (1) the employee engaged in protected conduct; (2)

---

[3]Tipler cites a performance appraisal summary as evidence that he was meeting the Department's expectations. However, that appraisal was signed by Tipler on November 29, 2005, 11 days before he was charged for the crimes at issue in this case.

8

reasonable employees would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct." *Recio v. Creighton Univ.*, __ F.3d __, 2008 WL 927598, at *3 (8th Cir. 2008) (quoting *Brenneman v. Famous Dave's of Am., Inc.*, 507 F.3d 1139, 1146 (8th Cir. 2007)). In this case, Tipler asserts that the Department retaliated against him because he filed a complaint with the EEOC, in which he claimed race was the cause of his initial suspension. Although Tipler satisfies the first two elements, the parties have not stated, and the record does not reflect, when Tipler filed his EEOC complaint. *See id.* at *6 ("Generally this court requires more than a mere temporal connection in order to infer causation . . . .").

But even if there is a temporal connection between his EEOC complaint and his termination, Tipler has made only conclusory allegations to support his retaliation claim, which is insufficient to withstand summary judgment. *See Gee v. United Parcel Serv., Inc.*, 20 Fed. App'x 571, 571 (8th Cir. 2001) ("[W]e conclude that Gee failed to raise a genuine issue of material fact . . . on his retaliation claim with respect to the existence of a causal connection between his filing of EEOC charges and his post-charge discharges."); *see also Bradley v. Widnall*, 232 F.3d 626, 633 (8th Cir. 2000) ("Generally, more than a temporal connection between the protected conduct and the adverse employment action is required to present a genuine factual issue on retaliation."). In his response, Tipler cites nowhere in the record, or even attaches an affidavit, to support his conclusory allegation that he was terminated in retaliation for his EEOC claim. *See Bradley*, 232 F.3d at 633 ("The only evidence of a causal connection between the alleged adverse employment actions and the

9

filing of Bradley's complaint is Bradley's affidavit in which he presents numerous conclusory allegations of retaliation. This is simply insufficient."). Therefore, under Eighth Circuit law, Tipler has failed to establish a causal connection on his prima facie case.

Moreover, if Tipler could make his prima facie case, his claim would still fail because, as noted above, the Department has articulated a legitimate, non-retaliatory reason for the adverse action. *See Macias Soto v. Core-Mark Int'l, Inc.*, __ F.3d __, 2008 WL 850237, at *3 (8th Cir. 2008) ("Throughout this analysis, the ultimate burden of persuasion remains with the plaintiff to show the termination was motivated by intentional retaliation." (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 508 (1993))). Tipler has not established a factual dispute about whether the Department's proffered reason is pretextual and whether retaliation was the determinative factor in his termination. Beyond his conclusory statement that he was retaliated against, he cites no other facts or evidence of pretext. Because Tipler has not met his burden of persuasion, the Court grants summary judgment in favor of Defendants on the retaliation claim.

### 3. Other claims.

Tipler asserts several other claims for the first time in his response to Defendants' motion for summary judgment, including conspiracy, as well as violations of his Fifth, Sixth, Eighth and Fourteenth Amendment rights. These claims are not contained in his original complaint; therefore, they are not properly before the Court. *See Kindred v. Northome/Indus Sch. Dist. No. 363*, 983 F. Supp. 835, 848 (D. Minn. 1997) ("[C]laims raised for the first time in response to a Motion for Summary Judgment are not properly before the Court."); *see also*

*Sgro v. Bloomberg L.P.*, No. 05-0731, 2008 WL 918491, at *18 n.16 (D.N.J. Mar. 31, 2008) ("Since Plaintiffs failed to plead this particular claim in their Complaint, the Court will not consider it."). To the extent that this is considered a request to amend the complaint, the Court denies the request at this late stage of the litigation when discovery has closed. *See Wright v. C & M Tire, Inc.*, __ F. Supp. 2d __, 2008 WL 1701688, at *7 (D. Kan. 2008) ("The court, then, construes this portion of Mr. Wright's summary judgment response [asserting new claims] as a request to amend the pretrial order and denies the request at this late stage of the litigation when discovery has closed." (citation omitted)).

**III. Conclusion**

Accordingly, it is hereby

ORDERED that Defendants Moore, White, Crawford, Myers, Clark, and Missouri Department of Corrections' Motion for Summary Judgment [Doc. # 47] is GRANTED.

                             s/ Nanette K. Laughrey
                             NANETTE K. LAUGHREY
                             United States District Judge

Dated: May 2, 2008
Jefferson City, Missouri