IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TOMMY TIPLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-4014-CV-C-NKL |
| | ) |
| TERRY MOORE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Tommy Lee Tipler, acting pro se and proceeding in forma pauperis (IFP), sued Defendants Terry Moore, Chester White, Larry Crawford, Vicki Myers, Omar Clark and the Missouri Department of Corrections for discrimination and retaliation in violation of Title VII. On May 2, 2008, the Court granted summary judgment in favor of Defendants. *See Tipler v. Moore*, No. 07-4014, 2008 WL 1990799 (W.D. Mo. May 2, 2008). Tipler now wishes to proceed IFP on appeal.

Federal Rule of Appellate Procedure 24(a)(3) states that "[a] party who was permitted to proceed IFP in the district-court action . . . may proceed on appeal in forma pauperis without further authorization unless . . . the district court–before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith . . . ." "To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous," meaning the appeal lacks an arguable basis in either

1

law or fact. *Willis v. Pilgrim's Pride Corp.*, No. 04-1106, 2006 WL 4446962, at *1 (W.D. Ark. Oct. 10, 2006) (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989));[1] *see also Gonzalez v. Jupiter Cmtys. LLC*, 250 Fed. App'x 8, 9 (5th Cir. 2007) (holding in Title VII case that district court correctly denied IFP status because appeal not taken in good faith).

In this case, there were no genuine issues of material fact. Tipler failed to present evidence that he was treated different from similarly situated employees. Other than his conclusory assertions, he did not provide any evidence that he was terminated based on his race. To the contrary, Defendants presented evidence that Tipler was terminated because he was not performing his job as a corrections officer in a satisfactory manner, specifically that he was charged with several felonies (including assault on a law officer and resisting arrest), and ultimately pled guilty to a misdemeanor resulting in a 14-day jail sentence. Although Tipler is surely appealing the Court's ruling that no genuine issue of material fact existed, this appeal appears to lack any arguable basis in either law or fact. As a result, it is frivolous as defined by the Supreme Court. This Court finds and certifies that Tipler's appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A).

Accordingly, it is hereby

ORDERED that Tipler's application to proceed IFP on appeal is DENIED. The Court certifies under Fed. R. App. P. 24 that Tipler's appeal is not taken in good faith. Tipler is

---

[1] In *Willis*, the district court adopted the Report and Recommendation of then-U.S. Magistrate Judge Bobby E. Shepherd.

directed to pay the full filing fee of this appeal or renew his application to proceed IFP with the United State Court of Appeals for the Eighth Circuit. It is further

ORDERED that the Clerk of the District Court notify the parties and the Court of Appeals of this decision in accordance with Fed. R. App. P. 24(a)(4).

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: June 6, 2008
Jefferson City, Missouri